IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


THE FLORIDA DEMOCRATIC PARTY,

      Plaintiff,

v.                                        CASE NO.  4:04cv395-RH/WCS

GLENDA E. HOOD, etc., et al.,

      Defendants.

_____/


## ORDER ESTABLISHING ENTITLEMENT TO ATTORNEY'S FEES


In this action plaintiff has moved for a determination that it is entitled to an award of attorney's fees as a "prevailing party" under 42 U.S.C. §1988.  Because plaintiff obtained a preliminary injunction, later made permanent, that modified the defendants' behavior and directly altered the legal relationship between the parties, I grant the motion.


## I.  Background


Plaintiff, the Florida Democratic Party, brought this action against defendants the Florida Secretary of State Glenda Hood and the Director of the

Division of Elections Dawn Roberts in their official capacities.  Plaintiff sought

declaratory and injunctive relief under 42 U.S.C. §1983 and 42 U.S.C. §15482,

part of the Help America Vote Act ("HAVA"), which provides voters in federal

elections a right to cast provisional ballots.  Plaintiff asserted the Act afforded

voters a right (1) to cast a provisional ballot at a polling place even if local officials

assert that the voter is at the wrong polling place, and (2) to have that ballot

counted, even if the voter is in fact at the wrong polling place, if the voter meets all

requirements of state law other than the requirement to vote at the proper polling

place.

Plaintiff moved for a preliminary injunction.  Although defendants initially

contested both of plaintiff's claimed rights, defendants changed their position with

respect to the second claimed right during the hearing on plaintiff's motion for

preliminary injunction, in response to questioning by the court.  From that point

forward, defendants conceded that a voter must be allowed to cast a provisional

ballot if the voter makes the declaration and written attestation required by federal

law, even if election workers conclude the voter is at the wrong polling place.  I

entered a preliminary injunction requiring defendants to allow such voters to cast

provisional ballots.  I denied plaintiff's request for a preliminary injunction

requiring defendants to count provisional ballots that were in fact cast at the wrong

polling place.

After conceding that voters were entitled to submit provisional ballots even if election workers concluded they were at the wrong polling place, defendants promptly instructed their election workers to proceed accordingly.  Defendants did so prior to actual entry of the preliminary injunction.

Plaintiff now has filed a motion, in accordance with Local Rule 54.1, for a ruling that it is a "prevailing party" entitled to an award of attorney's fees.

## II.  Discussion

Under 42 U.S.C. §1988, the "prevailing party" in an action under 42 U.S.C. §1983 may recover an award of attorney's fees.  Although the statutes speak in discretionary terms, a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  *Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 402, 88 S. Ct. 964, 966, 19 L. Ed. 2d 1263 (1968).

A party need not succeed on all issues in order to be deemed a "prevailing party."  A party needs only to "establish his entitlement to *some relief* on the merits on his claims in the trial court or on an appeal."  *Buckhannon Bd. & Care Home, Inc., v. W.V. Dep't of Health & Human Res.*, 532 U.S. 598, 603, 121 S. Ct. 1835,

149 L. Ed. 2d 855 (2001)) (emphasis in original).  The United States Supreme

Court has articulated the governing test:

> In short, a plaintiff "prevails" when actual relief on the merits of his
> claim materially alters the legal relationship between the parties by
> modifying the defendant's behavior in a way that directly benefits the
> plaintiff.

*Farrar v. Hobby*, 506 U.S. 103, 111-12, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992).

Defendants take issue with none of this.  They assert, however, that this

lawsuit brought about no change in their position at all.  Defendants assert that,

from the outset, and prior to the filing of this action, they recognized the right of a

voter to cast a provisional ballot even if election workers determined he or she was

at the wrong polling place.

This is revisionist history.  At the preliminary injunction hearing, defendants

first asserted, with some vigor, that the Act did not require states to allow a voter to

cast a provisional ballot at what was deemed to be the wrong polling place.  This

was not surprising; defendants' own manual, distributed to poll workers for their

guidance in conducting the election, addressed this issue clearly:  "*Do not allow a*

*voter to vote a provisional ballot if you have determined the voter is registered in*

*another precinct.  Direct the voter to the proper precinct.*"  Compl. (document 1),

ex. A, "Polling Places Procedures Manual" at 7 (emphasis added).  This provision

was in bold text with a boxed border apparently designed for emphasis.

Defendants now note, however, that on the prior page, the same manual said, "If the supervisor or master list says the voter is not eligible but the voter believes he or she is eligible, or if you cannot get in contact with the supervisor's office, the voter is allowed to cast a provisional ballot." *Id.* at 6. Defendants say this trumped the provision dealing specifically with a voter who appeared at the wrong precinct. But this is just not so. In context, what the manual clearly says is this: if an election worker cannot find the voter's name on the precinct list, the election worker must check variations in the name and determine whether the voter's name has changed. If the worker still cannot find the voter on the list, the election worker must call the county supervisor of elections or check the master voter list in an effort to determine whether the voter is eligible to vote in the election. If the worker determines that the voter is eligible to vote in the election but is at the wrong polling place, the worker must refer the voter to the correct polling place and must not allow the voter to cast a provisional ballot. If the worker determines that the voter is not eligible to vote at all, but the voter insists he or she *is* eligible, the worker must allow the voter to cast a provisional ballot.

That this is what the manual says and means is clear from its plain terms, especially when the entire passage at issue, not just the paragraph quoted by

defendants, is considered.  The manual says:

> **What if the voter's name is not on the precinct register?**
>
> If the voter's name is not on the precinct register and the inspector has rechecked the precinct register for name variations, the inspector should ask the voter if the voter's name or address has changed.
>
> If the voter's name has changed, follow the procedure for Change of Name on page 6.
>
> If the voter's address has changed, follow the procedure for Voter's Address Differs on page 6.
>
> If the voter indicates no change of name or legal residence, contact the supervisor's office or, if available at the precinct, check the master list of registered voters in the county to determine if the voter is eligible to vote in the precinct.
>
> *If the voter is eligible to vote in the election, but is registered in another precinct, direct the voter to the poper [sic] precinct.*
>
> *If the voter is eligible to vote in the precinct, he or she may continue with the voting process.*
>
> *If the supervisor or master list indicates the voter is not eligible but the voter believes he or she is eligible, or if you cannot get in contact with the supervisor's office, the voter is allowed to vote a provisional ballot.*  See Provisional Ballots on page 7.

Compl. (document 1), ex. A, "Polling Places Procedures Manual" at 5-6 (emphasis

added).  And then, for emphasis, the manual repeats and puts in an emphasized box

on the next page the instruction not to allow a voter to cast a provisional ballot at

the wrong polling place.  *Id.* at 7.

In short, plaintiff obtained meaningful relief on the merits by securing a binding injunction putting an end to defendants' unlawful practice of not allowing a voter to cast provisional ballot if an election worker believed, but the voter did not believe, that the voter was entitled to vote at the polling place at issue.  Plaintiff is entitled to an appropriate award of fees.[1]  Accordingly,

IT IS ORDERED:

1.  Plaintiff's motion to establish prevailing party status (document 77) is GRANTED.  In accordance with Local Rule 54.1, plaintiff is hereby determined to be a "prevailing party" entitled to an award of attorney's fees in an appropriate amount.  Proceedings to determine the amount of attorney's fees will go forward in accordance with Local Rule 54.1(E).

2.  If any party seeks an evidentiary hearing on the amount of attorney's fees, the party shall file a separate request therefor by not later than the deadline for plaintiff's to file an acceptance or rejection of defendants' counteroffer under Local Rule 54.1(E)(5).  In the absence of such a request, the amount of fees will be

---

[1] Nonetheless, it bears noting that plaintiff did not attain the most significant relief it sought:  an order allowing voters to have provisional ballots counted even if cast at the wrong polling place.  This does not affect entitlement to an award of fees but may affect their appropriate amount.

determined based on written record.

SO ORDERED this 9th day of May, 2005.

s/Robert L. Hinkle
Chief United States District Judge